IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

GREGORY V. PIATT, §
§
Plaintiff, §
§
v. § Civil Action No.
§
§
§
MARC S. LACHAR and §
JOAN B. LACHAR, §
§
Defendants. §



07 CIV 3902 WP4

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, GREGORY V. PIATT, is an individual, who is a citizen of the State of New Jersey.

2. Defendants, MARC S. LACHAR and JOAN B. LACHAR are individuals who are citizens of the State of New York and may be served with process at 24 Walworth Avenue, Scarsdale, New York 10583 {*FRCP 4(e)*}.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  That venue is proper pursuant to 28 U.S.C. Section 1391(a) insofar as the defendants reside in this district and the claim arose in this district.

### C. Facts

5.  This lawsuit results from a collision that occurred on June 26, 2006, on Broadway at or about its intersection with Warren Street, in the City of New York, County of New York, State of New York. Plaintiff, GREGORY V. PIATT was driving his vehicle reasonably and prudently when defendants' vehicle suddenly and violently struck plaintiff's vehicle. As a result of the impact, the Plaintiff, GREGORY V. PIATT sustained serious, severe and permanent injuries pursuant to the Insurance Law of the State of New York.

### D. Count 1 - Negligence

6.  At the time of the accident, defendant was operating his vehicle negligently. Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

   a.  failing to timely apply his brakes;

   b.  failing to maintain a proper lookout;

   c.  failing to turn his vehicle in an effort to avoid the collision;

   d.  driving his vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances;

  e. failing to yield the right of way; and

  f. striking the Plaintiff's vehicle.

## E. Damages

7. As a direct and proximate result of defendants' negligence, Plaintiff GREGORY V. PIATT suffered the following injuries and damages:

  a. That as a result of the foregoing, Plaintiff, GREGORY V. PIATT suffered permanent and serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York.

  b. That by reason thereof, Plaintiff GREGORY V. PIATT is entitled to recover for non-economic losses as set forth in section 5102(a) of the Insurance Law of the State of New York, included within the definition of "Basic Economic Loss".

  c. Physical pain and mental anguish in the past and future.

  d. Lost earnings.

  e. Damage to earning capacity.

  f. Disfigurement in the past and future.

  g. Physical impairment in the past and future.

  h. Medical expenses in the past and future.

## F. Prayer

8. For these reasons, Plaintiff asks for judgment against defendants for

a.  actual damages of $1,000,000.00;

b.  pre-judgment and post-judgment interest;

c.  costs of suit; and

d.  all other relief the court deems appropriate.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, GREGORY V. PIATT, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands a trial by Jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

Dated: May 15, 2007

Respectfully submitted,

By: _____
JAY S. HAUSMAN (6973)
280 North Central Avenue
Hartsdale, New York 10530
Tel. (914) 946-3344
Fax (914) 946-9733

*JAY S. HAUSMAN & ASSOCIATES, PC.*

ATTORNEY IN CHARGE FOR
Plaintiff, GREGORY V. PIATT